### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHAWN ANTRONE JOHNSON, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. JKB-20-856 |
| STATE OF MARYLAND and | * | |
| THE ATTORNEY GENERAL OF THE | | |
| STATE OF MARYLAND, | * | |
| Respondents. | * | |
| | *** | |

### MEMORANDUM OPINION

Self-represented Petitioner Shawn Antrone Johnson filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he collaterally attacks his 2018 convictions for possession of marijuana and possession of marijuana with intent to distribute. ECF 1. Respondents contend that the petition contains procedurally defaulted claims and, because it contains both exhausted and unexhausted claims, it should be dismissed as a mixed petition. ECF 4, 7. The petition is ready for resolution and no hearing is necessary. *See* Loc. R. 105.6; *see also* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). For the following reasons, the Court denies the petition and declines to issue a certificate of appealability.

### I.    BACKGROUND

On January 24, 2018 Johnson was arrested and charged in Worcester County, Maryland with possession of marijuana and possession with intent to distribute marijuana. ECF 4-1 at 4. Johnson's first jury trial in September of 2018 resulted in a mistrial after a hung jury. *Id.* at 11, 17. He was convicted on both counts at the retrial on December 10, 2018. *Id.* at 9; ECF 4-2 at 255. Johnson was sentenced the same day to four years' imprisonment, all but fifteen months

suspended, with two years of supervised release. *Id.* at 267, 271.

Johnson's court-appointed trial counsel filed a motion for a new trial on December 15, 2018 contending that the evidence was insufficient to support the conviction. ECF 4-1 at 17–20. The motion was denied on January 8, 2019. *Id.* at 21. Johnson noted an appeal to the Appellate Court of Maryland,[1] contending that his conviction should be overturned because it rested solely on uncorroborated accomplice testimony. *Id.* at 22–42. The Appellate Court of Maryland affirmed Johnson's conviction in an unreported opinion on February 4, 2020. *Id.* at 43–50. Johnson's petition for certiorari with the Supreme Court of Maryland was denied on May 22, 2020. *Id.* at 57. Johnson has not filed a petition for post-conviction relief.

Johnson submitted his petition for federal habeas corpus relief on March 31, 2020. ECF 1. He asserts three claims: (1) ineffective assistance of counsel, (2) judge and prosecutor bias, and (3) insufficient evidence to support his conviction.

## II.   WAIVER OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Respondents' original Answer, filed on June 12, 2020, only addressed Johnson's sufficiency of evidence claim. ECF 4. The Court entered an Order on June 6, 2020 directing Respondents to file a supplemental response addressing Johnson's ineffective assistance of counsel and bias claims. ECF 5. Respondents complied on June 26, 2020 (ECF 7), contending that Johnson's bias claim is unexhausted and procedurally defaulted. *Id.* at 7–11. Respondents also argue that Johnson's ineffective assistance of counsel claim is unexhausted. Respondents

---

[1]   At the time Johnson's case was litigated in the Maryland state courts, the Appellate Court of Maryland was named the "Court of Special Appeals" and the Supreme Court of Maryland was named the "Court of Appeals of Maryland." At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland and the Court of Special Appeals to the Appellate Court of Maryland. The name change took effect on December 14, 2022.

acknowledge that Johnson may still raise this claim with the Maryland state courts through post-conviction proceedings. *Id.* at 12. However, Respondents urge the Court to dismiss Johnson's petition as a "mixed" petition because it contains both exhausted and unexhausted claims. *Id.* at 12-15.

The Court issued an Order on June 29, 2020 explaining to Johnson that all claims must be properly exhausted in the Maryland state courts, either on direct appeal or through post-conviction proceedings, before they can be asserted in a federal petition for habeas corpus. ECF 8. The Court also explained the one-year statute of limitations that applies to federal habeas corpus petitions, the tolling provision of 28 U.S.C. § 2244(d)(2), and the requirements for the Court to excuse procedural default. *Id.* at 3–4.

Johnson was presented with his options to proceed and the potential consequences for those options, including: (1) waiving consideration of the ineffective assistance of counsel claim, recognizing that he may not later reassert the claim without permission from the Fourth Circuit Court of Appeals; or (2) dismissal of the entire petition without prejudice so that he exhaust the ineffective assistance of counsel claim in state court, with the caveat that he may be barred from consideration of all of his claims by this Court in the future if he unable to complete state review and return to federal court in a timely manner. *Id.* at 5. Johnson was warned that failure to respond to the Court's Order to select an option to proceed within twenty-eight days would result in waiver of the defaulted claim.

To date, Johnson has not responded to the Court's June 29, 2020 Order. Accordingly, Johnson's ineffective assistance of counsel claim is deemed waived. Without the ineffective assistance of counsel claim, there is no mixed petition and the Court may proceed to address the

remaining claims.[2]

## III.   PROCEDURAL DEFAULT

Procedural default occurs when the petitioner failed to present the claim to the highest state court with jurisdiction to hear it, and the state courts would now find that the petitioner cannot assert that claim. *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999); *see also Gray v. Zook*, 806 F.3d 783, 798 (4th Cir. 2015) ("When a petitioner fails to comply with state procedural rules and a state court dismisses a claim on those grounds, the claim is procedurally defaulted."). As the United States Court of Appeals for the Fourth Circuit has explained, "if a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard*, 134 F.3d at 619 (citing *Coleman*, 501 U.S. at 731–32).

To overcome a procedural default, the petitioner must demonstrate cause and prejudice, or show that a failure to review the claim will result in a fundamental miscarriage of justice. *Gray*, 806 F.3d at 798. Under the "cause and prejudice" standard, the petitioner must show: (1) cause for not raising the claim of error; and (2) actual prejudice from the alleged error. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v.*

---

[2]     As discussed below, Johnson's remaining claims are procedurally defaulted. If a state court would dismiss claims for procedural failures, such claims are technically exhausted because, in the habeas context, "state-court remedies are . . . 'exhausted' when they are no longer available, regardless of the reason for their unavailability. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022).

*Farley*, 512 U.S. 339, 354 (2004). A claim may still be reached if the petitioner can show that

failure to consider the claim on the merits would result in a miscarriage of justice, that is,

conviction of one who is actually innocent.[3] *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at

620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's

efforts to raise the claim in state court at the appropriate time." *Id.* (quoting *Murray*, 477 U.S. at

488). Even where a petitioner fails to show cause and prejudice for a procedural default, a court

must still consider whether it should reach the merits of a petitioner's claims to prevent a

fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U S. 298, 314 (1995).

### A. Judge and Prosecutor Bias

The record reflects that Johnson did not raise a claim for judge or prosecutor bias in his

direct appeal to the Appellate Court of Maryland. He did raise the claim for the first time in his

*pro se* petition for certiorari with the Supreme Court of Maryland. ECF 4-1 at 51–56. Including

the claim only in his petition for certiorari was insufficient to exhaust a claim on direct appeal. To

exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is

permitted, to the Appellate Court of Maryland and then to the Supreme Court of Maryland by way

of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-201 and § 12-301.

Johnson's claim is procedurally defaulted because he failed to raise the claim on direct appeal with

---

[3]     Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.*; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006). Johnson has not invoked actual innocence as an excuse for his procedural default nor does the Court find that any of Johnson's filings support the stringent standard for a gateway claim of actual innocence.

the Appellate Court of Maryland and it can no longer be raised. *See Mickens*, 240 F.3d at 356;

*accord Breard*, 134 F.3d 615 at 619 (procedural default occurs when a habeas petitioner fails to

exhaust available state remedies and the court to which the petitioner would be required to present

his claims in order to meet the exhaustion requirement would now find the claims procedurally

barred). Under Maryland law, "an allegation of error is waived when a petitioner could have

made, but intelligently and knowingly failed to make the allegation . . . on direct appeal whether or

not the petitioner took an appeal." Md. Code Ann., Crim. Proc. § 7-106(b). A rebuttable

presumption exists that this waiver is knowing and intelligent. *Id.* at § 7-106(b)(2). Johnson's

bias claim is procedurally defaulted because the Maryland courts would now consider any bias

claim to be procedurally barred.

### B. Sufficiency of the Evidence

Johnson argued to the Appellate Court of Maryland that there was insufficient evidence to

support his conviction because it was based on uncorroborated testimony from an accomplice.

ECF 4-1 at 43–50. In his habeas petition, Johnson contends that (1) the uncorroborated accomplice

testimony was insufficient to convict (ECF 1 at 11) ("accomplice testimony claim"), and (2) the

state failed to prove that an incriminating cell phone belonged to him (*id.* at 13) ("cell phone

evidence claim"). Respondents argue that Johnson's accomplice testimony claim is procedurally

defaulted pursuant to the independent and adequate state ground doctrine (ECF 4 at 14–18) and

the cell phone evidence claim is unexhausted and procedurally defaulted. *Id.* at 18–22.[4]

---

[4]      Respondents construed the second part of Johnson's sufficiency of evidence claim as a
broad "dominion and control" argument, raising an exhaustion defense. Johnson's petition
specifically mentions that the state failed to prove that the incriminating cell phone belonged to
him. ECF 1 at 13. The incriminating evidence secured from the cell phone included texts that
were interpreted at trial by a state's witness to be drug distribution communication. ECF 4-1 at
46. To the extent Johnson's claim could be construed as a separate argument that the state failed
to prove dominion and control over the drugs (ECF 1 at 13-14), this claim is unexhausted for the

Johnson's direct appeal brief asserted one error—whether the evidence was sufficient to prove that he possessed the marijuana. ECF 4-1 at 27. Johnson's legal theory was that Maryland law does not permit uncorroborated accomplice testimony. Johnson argued that his co-defendant's uncorroborated testimony was the only evidence he was in possession of marijuana. *Id.* at 27–36. The Appellate Court of Maryland found that the issue was not preserved for review because Johnson's motion for acquittal at trial was not based on these grounds. *Id.* at 48. The Appellate Court of Maryland alternatively found that the argument lacked merit. *Id.* at 48–50.

Because the Appellate Court of Maryland clearly and expressly relied on a state ground as the basis of dismissal, Johnson's accomplice testimony claim is procedurally defaulted, even though the court alternatively addressed the merits of the claim. *See Harris v. Reed,* 489 U.S. 255, 264 n.10, (1989); *see also Skipper v. French,* 130 F.3d 603, 609 (4th Cir.1997) ("A decision which bases dismissal both on the merits and on independent and adequate state law ground forecloses federal habeas review."); *Ashe v. Styles,* 39 F.3d at 80, 86 (4th Cir. 1994) (explaining that where a state court "both addresses the merits of the federal question but also invokes a state procedural bar that is adequate and independent of federal law as an independent ground for decision, a federal court must accord respect to the state ground for decision . . . .").

Next, Johnson argues that the state failed to prove that the incriminating cell phone belonged to him. The record reflects that Johnson did not fairly present the substance of his argument to the Appellate Court of Maryland on direct appeal. As noted above, Johnson's direct appeal brief focused solely on whether accomplice testimony was sufficient to obtain a conviction. To properly exhaust a claim, the petitioner must present "both the operative facts and the controlling legal principles associated with each claim." *Mahdi v. Stirling,* 20 F.4th 846, 892 (4th

---

same reason as his claim about the cell phone evidence.

Cir. 2021). Here, Johnson included the general legal concept of sufficiency of the evidence in his brief to the Appellate Court of Maryland but failed to argue that the evidence was insufficient because the state did not prove the incriminating cell phone belonged to him. Johnson failed to fairly present his cell phone evidence claim to the Maryland state courts and it is unexhausted. Like his bias claim, this claim is also procedurally defaulted because it was not raised on direct appeal and the Maryland state courts would now consider it barred.

### C. Cause for Default

Johnson argues that his default should be excused because direct appeal counsel was ineffective by failing to assert the defaulted claims on appeal. ECF 6. Constitutionally ineffective assistance of counsel claims may arise in proceedings in which a criminal defendant has the constitutional right to counsel. *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). Johnson had a constitutional right to counsel during his appeal to the Appellate Court of Maryland. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, Johnson's alleged ineffective assistance of appellate counsel cannot serve as "cause" to excuse his procedural default because he failed to raise ineffective assistance of appellate counsel as an independent claim with the Maryland state courts. *See Murray v. Carrier*, 477 U.S. 478, 488-89 (1986) (explaining that the exhaustion doctrine generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default).

### IV.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner must make a "substantial

8

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).   When a district court rejects constitutional claims on the merits, a petitioner satisfies this standard by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation omitted).   When a petition is denied on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Johnson has not made the requisite showing.   Accordingly, the Court declines to issue a certificate of appealability.   Johnson may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

For the foregoing reasons, the Petition is denied.   A separate Order follows.

Dated this 21 day of March, 2023

FOR THE COURT:

James K. Bredar
Chief Judge